# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY MOORE,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>    Respondent. | Case No. LA CV 10-6739 DSF (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the: (1) Petition for Writ of Habeas Corpus ("Petition"); (2) Magistrate Judge's first Report and Recommendation ("First R&R"); (3) Ninth Circuit's Memorandum, reversing and remanding the Court's order adopting the first R&R, *Moore v. Soto*, 612 F. App'x 894, 896 (9th Cir. 2015); (4) Opposition to Respondent's Motion to Dismiss the Petition ("Opposition"); (5) Magistrate Judge's second Report and Recommendation ("Second Report and Recommendation or "Second R&R"); (6) Petitioner's Objections to the Second R&R ("Objections"), and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition and Opposition, and lack merit for the reasons set forth in the Second R&R. There is one issue, however, that warrants brief discussion here.

In his Objections, Petitioner seems to argue that the Second R&R: (1) improperly applied the "actual-innocence gateway" standard articulated in *Schlup v. Delo*, 513 U.S. 298 (1995); and (2) "fail[ed] to apply the proper analys[is] of actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993)." (Objections at 5.) Notably, because the Petition is untimely, *Moore*, 612 F. App'x at 896, Petitioner's argument that his actual innocence claim should be analyzed under *Herrera* is misguided. *See Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) ("[A] petitioner who [makes a credible claim of actual innocence] may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits.").

Even assuming, *arguendo*, that *Herrera* offered the applicable standard, and to the extent that Petitioner argues that he meets that standard, the Court disagrees. As the United States Supreme Court observed, "[t]he sequence of the [Supreme] Court's decisions in *Herrera* and *Schlup* — first leaving unresolved the status of freestanding claims and then establishing the gateway standard — implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*." *House v. Bell*, 547 U.S. 518, 555 (2006); *see also Schlup*, 513 U.S. at 316 ("In *Herrera* . . . , the evidence of innocence would have had to be strong enough to make his execution 'constitutionally intolerable' *even if* his conviction was the product of a fair trial. [Under *Schlup*], the evidence must establish sufficient doubt about his guilt to justify the conclusion that his execution would be a miscarriage of justice *unless* his conviction was the product of a fair trial.") (emphasis in original). Indeed, Petitioner appears to admit that the threshold for establishing an actual-innocence gateway claim under *Schlup* is lower than the threshold required under *Herrera*. (Objections at 5 ("The showing needed to meet this gateway claim would probably be lower than it would be for hypothetical free-standing actual innocence claim.").)

Here, as the Second R&R explained, the following evidence in support of Petitioner's actual innocence claim does not entitle Petitioner to pass through the *Schlup* actual-innocence gateway: (1) the testimony of proposed experts' testimony concerning the average rate of human hair growth; (2) the testimony of a deputy public defender who purportedly heard the three surviving victims discuss identification testimony outside the courtroom; and (3) Petitioner's speculation of other pieces of exonerating evidence "that theoretically *could* exist." (Second R&R at 10 (emphasis in original).) Therefore, the Court is unpersuaded that Petitioner's proffered evidence of innocence would satisfy *Herrera*'s "extraordinarily high" standard for a freestanding claim of innocence. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997).

Accordingly, IT IS ORDERED THAT:

1. The Second Report and Recommendation is approved and accepted;
2. Judgment is entered denying the Petition and dismissing this action with prejudice;
3. All pending motions are denied as moot and terminated; and
4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Second Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: 2/21/17

*Dale S. Fischer*

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE